# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 8, 2008

Charles R. Fulbruge III
Clerk

No. 07-51021

DIANA HOPGOOD, Individually; DAVID HOPGOOD, Individually;
VANESSA HOPGOOD, as Independent Administrator
of the Estate of Alexander Herold Hopgood, Deceased;
STACI BOVILL, Individually,

                                        Plaintiffs-Appellees,

v.

FORMER AUSTIN POLICE OFFICER YVONNE GUNNLAUGSSON;
OFFICER EDWARD L. JOHNSON,

                                        Defendants-Appellants.

Appeal from the United States District Court
for the Western District of Texas
No. 1:06-CV-306

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Yvonne Gunnlaugsson and Edward Johnson bring this interlocutory appeal challenging the denial of their motion for summary judgment based on qualified immunity. On interlocutory appeal, our jurisdiction is limited and, where the district court has said a genuine issue of fact exists, we are bound, though we may review the court's determination that a course of conduct is, as a matter of law, objectively unreasonable in light of clearly established law. Kinney v. Weaver, 367 F.3d 337, 346-47 (5th Cir. 2004) (en banc). The court found that there was "a genuine issue of material fact regarding the extent of Johnson and Gunnlaugsson's knowledge of and acquiescence to [Staci Bovill's ex-fiancee's] presence in Bovill's apartment."

The only question over which we have jurisdiction is whether the actions of Gunnlaugsson and Johnson, viewed in the light most favorable to the plaintiffs, were objectively unreasonable. The presence of third parties in the execution of a warrant is unconstitutional where it is not "in aid of the execution of the warrant." Wilson v. Layne, 526 U.S. 603, 614 (1999).

Exigent circumstances excused the absence of a warrant; nonetheless, Gunnlaugsson and Johnson concede that Bovill's ex-fiancee's presence was not related to the exigent circumstances. Thus, given the procedural posture of this case, their actions were objectively unreasonable in light of clearly established law if the facts are construed in the light most favorable to the plaintiffs, so we affirm the denial of summary judgment and remand for further proceedings.

We express no view on the ultimate outcome of the case. On remand, the factfinder will need to resolve the outstanding issues of material fact to decide whether the plaintiffs' version is true. The en banc court in Kinney described this circumstance as follows:

> Since we lack jurisdiction to review a denial of summary judgment based on the district court's conclusion that fact questions exist regarding whether the defendants engaged in conduct that would violate clearly established law, officials may sometimes be required

to proceed to trial even though the ultimate resolution of those factual disputes may show that they are entitled to qualified immunity from liability. The Supreme Court recognizes that this "threatens to undercut" the policy of affording immunity from trial, but the Court has said that "countervailing considerations" nonetheless support this limitation on interlocutory jurisdiction." See Johnson [v. Jones], 515 U.S. [304, 317-18 (1995)].

Kinney, 367 F.3d at 346 n.8.

AFFIRMED and REMANDED. The motion to strike a portion of appellants' brief is DENIED.